IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SILVESTRE LAGOS-BAUTISTA, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | 1:26-CV-235-RP |
| PAM BONDI, *in her official capacity as Attorney General of the United States*, et al., | | |
| Respondents. | | |

**ORDER**

      Before the Court is Petitioner Silverstre Lagos-Bautista's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invoked 28 U.S.C. § 2243, and the Court ordered Respondents Pam Bondi, United States Attorney General; Kristi Noem, Secretary of the United States Department of Homeland Security; and Charlotte Collins, Warden, T. Don Hutto Detention Center, (together, "Respondents") to show cause within three days as to why the petition should not be granted. (Order, Dkt. 3).

      Federal Respondents filed an Abbreviated Response on February 6, 2026, (Dkt. 6), which largely focused on the interpretation of the Immigration and Nationality Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). This Court previously interpreted 8 U.S.C. § 1225(b)(2) as not applying to non-citizens like Petitioner who have been residing in the country for years, as opposed to a non-citizen present in the United States who has recently arrived and is actively seeking admission. *See, e.g.*, *Guzman v. Bondi*, --- F. Supp. 3d ---, No. 1:25-CV-2055-RP, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). On the same date Federal Respondents filed their Abbreviated Response, which conceded that the Court's prior legal reasoning would result in Petitioner's release, that interpretation of the INA was rejected by a Fifth

1

Circuit panel. *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Petitioner has alleged that he is entitled to a writ on additional grounds. His petition contends that (1) his detention violates his right to procedural due process; (2) he is a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025); and (3) his detention violates the Administrative Procedure Act ("APA"). (Pet., Dkt. 1, at 11–13, 20, 25–27, 29–30). The Court will set an expedited briefing schedule to determine whether this Court should order release on those grounds, independent of its prior interpretation of the INA rejected by the Fifth Circuit. *See, e.g., Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *7 (W.D. Tex. Oct. 2, 2025) (ordering release based on detention violating the Due Process Clause).

Accordingly, **IT IS ORDERED** that Petitioner shall file a supplemental brief on or before **February 16, 2026**, elaborating on his due process claim, his claim under *Maldonado Bautista*, and his APA claim as independent grounds for release. Respondents may file a response brief on or before **February 23, 2026**, and Petitioner may file a reply on or before **February 27, 2026**.

**SIGNED** on February 9, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE